Glenda BROWN, et al. *v.* ST. PAUL MERCURY INSURANCE COMPANY

89-180                                            778 S.W.2d 610

Supreme Court of Arkansas
Opinion delivered October 30, 1989

*Hani W. Hashem,* for appellant.

*Mitchell, Williams, Selig & Tucker,* by: *T. Scott Clevenger,* for appellee.

JOHN I. PURTLE, Justice. The trial court granted a summary judgment in favor of the appellee. We agree with the appellants' argument for reversal that the court should have allowed a nonsuit.

This is the second appeal in this case. In *Brown v. St. Paul Mercury Ins. Co.,* 292 Ark. 558, 732 S.W.2d 130 (1987), we reversed and remanded the case to the trial court on a point concerning the statute of limitations.

On April 26, 1989, the appellee filed a motion to dismiss. The appellants' attorney mailed the trial judge a letter on May 4, 1989, which states in part: "In light of the defendant's recent motion to dismiss, the plaintiffs would like to take voluntary dismissal without prejudice before a ruling by the court on the

motion to dismiss." The attorney included a draft of an order of dismissal, which the judge never signed. An amended order of dismissal stated: "That Plaintiff moved for alternative relief by Order of Dismissal without prejudice and this is denied."

Arkansas Rules of Civil Procedure, Rule 41(a), in part states: "[A]n action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court . . . ."

A similar issue has been decided by this court in *Duty* v. *Watkins*, 298 Ark. 437, 768 S.W.2d 526 (1989), where we stated: "James Duty's request for a nonsuit should have been granted. The rule is clear that the privilege to take a nonsuit before final submission of a case is absolute." This matter is therefore reversed and remanded to the trial court with directions to grant the appellants' motion for the nonsuit without prejudice.

Reversed.