Glenda BROWN, Sam Brown, Tawana Brown Etue, Teresa Brown, and Troy Brown, Surviving Spouse and Next of Kin of Roy DeWayne Brown, Deceased *v.* ST. PAUL MERCURY INSURANCE COMPANY

91-270 823 S.W.2d 908

Supreme Court of Arkansas
Opinion delivered February 17, 1992

*John F. Gibson, Jr.,* for appellants.

*Mitchell, Williams, Selig, Gates and Woodyard,* by: *T. Scott Clevenger,* for appellee.

ROBERT L. BROWN, Justice. This is the third time that this case has been before us on appeal. For their third appeal, the appellants, Glenda Brown, Sam Brown, Tawana Brown Etue, Teresa Brown, and Troy Brown, who are the heirs of Roy DeWayne Brown, argue that the circuit court erred in dismissing their action because the doctrine of law of the case applies and resolves the issue. We agree with the appellants and reverse and remand.

On April 11, 1983, Roy DeWayne Brown either fell or jumped from the roof of the White House Alcoholism Treatment Center, where he was a patient, and died of the injuries. The complaint was filed by the appellants on April 10, 1986, which was almost three years to the date after Brown died. The appellee, St. Paul Mercury Insurance Company, moved for summary judgment and alleged that the injury was a medical injury and that the appellants failed to bring the action within the two-year

statute of limitations that applies to medical injuries. *See* Ark. Stat. Ann. § 34-2616 (Supp. 1985), now codified at Ark. Code Ann. § 16-114-203 (Supp. 1991). The circuit court granted summary judgment to St. Paul, and we reversed and remanded the case, holding that although Brown's death was due to a medical injury, "the complaint was timely filed as an action for wrongful death, which carries a three-year statute of limitations." *Brown* v. *St. Paul Mercury Insurance Company*, 292 Ark. 558, 559, 732 S.W.2d 130, 131 (1987) (*Brown* I).

On remand, St. Paul moved to dismiss on grounds that the appellants' complaint failed for noncompliance with the notice requirement under the medical malpractice. statutes. *See* Ark. Code Ann. § 16-114-204 (1987). The appellants then asked for a voluntary dismissal under Ark. R. Civ. P. 41(a), but the circuit court refused to grant the nonsuit and dismissed the appellants' complaint for failure to give the statutory notice. We reversed and remanded because the right to take a voluntary nonsuit before final submission is absolute. *Brown* v. *St. Paul Mercury Insurance Company*, 300 Ark. 241, 778 S.W.2d 610 (1989) (*Brown* II).

Following the nonsuit in *Brown* II, the appellants filed the same complaint on July 23, 1990, and served a statutory notice for medical malpractice with the complaint. St. Paul moved to dismiss predicated on the appellants' lack of timely notice under the medical malpractice statutes and noncompliance with the statute of limitations. The circuit court granted the motion on the grounds requested and found that the appellants failed to give the statutory notice in timely fashion. The circuit court further ruled that the one-year savings statute, Ark. Code Ann. § 16-56-126 (1987), did not apply because the action was never properly commenced due to failure to give notice, and, therefore, the July 23, 1990, complaint was filed out of time.

The appellants' primary issue on appeal is whether the circuit court erred in disregarding the doctrine of law of the case. We stated the rule succinctly in 1989: "The general rule is that, where the pleadings and issues are substantially the same, all questions which were actually presented or which could have been presented in the first appeal are barred in the second appeal." *Alexander* v. *Chapman*, 299 Ark. 126, 127, 771 S.W.2d

744, 745 (1989), quoting 5B C.J.S. *Appeal & Error* § 1825; Am. Jur. 2d *Appeal and Error* § 752.

In *Brown* I, the issue raised by the appellants on appeal dealt with whether the appellants' cause of action was a wrongful death action or medical malpractice. We held that it was a wrongful death action and that the three-year statute of limitations under the wrongful death statute applied. Ark. Stat. Ann. §§ 27-906, 27-907, now codified at Ark. Code Ann. § 16-62-102 (1987). We stated specifically:

> Our wrongful death statute created a new and separate cause of action which could arise if death was caused by any wrongful act and which carries its own statute of limitations as part of that right. For this reason, the medical malpractice statute of limitations is irrelevant when a patient dies from his injuries before the two-year period has run.

*Brown* I, 292 Ark. at 562; 732 S.W.2d at 132.

■ The issue of whether this is a medical malpractice action to be governed by the notice requirements and the two-year statute of limitations of the medical malpractice statutes or a wrongful death action was decided in *Brown* I. We held that this is a wrongful death action. Because this is a wrongful death action, compliance with the medical malpractice statutes, including § 16-114-204, is irrelevant. The doctrine of law of the case clearly applies.

The appellants filed their second complaint on July 23, 1990, within the grace period permitted by the one-year savings statute. *See* Ark. Code Ann. § 16-56-126 (1987). We reverse and remand for a trial on the merits.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. Because I have always adhered to the belief that Brown's death was not a medical injury, I have been of the view that the medical malpractice action statutes are not applicable to this case. For that reason, I join the majority opinion. *See Brown* v. *St. Paul Mercury Ins. Co.*, 292 Ark. 558, 563, 732 S.W.2d 130, 133 (1987) (Glaze, J., concurring) (*Brown* I); *see also Bailey* v. *Rose Care Center*, 307 Ark. 14,

817 S.W.2d 412 (1991).

There may be some who read the majority decision to hold the medical malpractice action statutes, particularly the statutory notice provision [Ark. Code Ann. § 16-114-204 (1987)], do not apply in a case where a death results from a medical injury.[1] That issue, however, was not fully developed and argued in this appeal.

This present appeal is the third one in this case, and the result reached here is based largely on the law of the case doctrine. As a caveat to those attorneys who might find themselves, one day, involved in a medical malpractice lawsuit where a death ensued from a medical injury, they would be prudent to assume the medical malpractice action statutes still apply. In particular, I suggest following the directives of the notice provisions in § 16-114-204 (1987 and Supp. 1991), at least, until this court or the General Assembly has made it clear those requirements do not apply.

---

[1] In *Brown* I, the majority court found Brown's death was a medical injury but applied the three-year wrongful death action statute of limitations rather than the two-year limitations set out in the medical malpractice statute, Ark. Code Ann. § 16-114-203 (1987). In a later decision, this court decided Brown's injury did not fall within the definition of a medical injury. *Bailey*, 307 Ark. 14, 19, 817 S.W.2d 412, 414.