Loraine RUFFINS, Administrator of the Estate of Gary Ruffins, Deceased *v.* ER ARKANSAS, P.A.; David C. Beam, M.D.; Robert L. Parker, M.D.; Lowell V. Ozment, M.D., et al.

92-949                                                853 S.W.2d 877

Supreme Court of Arkansas
Opinion delivered May 17, 1993
[Rehearing denied June 21, 1993.*]

---

*Corbin and Brown, JJ., would grant rehearing.

*John W. Walker, P.A.*, by: *Wiley A. Branton, Jr.*, for appellant.

*Shackleford, Shackleford & Phillips, P.A.*, by: *Dennis L. Shackleford*, for appellee ER Arkansas, P.A.

*Mitchell, Williams, Selig, Gates & Woodyard*, by: *Richard L. Angel*, for appellee David C. Beam, M.D.

*McMillan, Turner & McCorkle*, by: *F. Thomas Curry*, for appellee Robert L. Parkman, M.C.

*Friday, Eldredge & Clark*, by *Phillip Malcom*, for appellee Lowell V. Ozment, M.D.

ROBERT H. DUDLEY, Justice. Plaintiff, the administrator of the decedent's estate, filed this action against the defendants, ER of Arkansas, an emergency medical care professional association, and David Beam, Robert Parkman, and Lowell Ozment, medical doctors. The gravamen of the complaint is that the defendant doctors failed to properly diagnose and treat the deceased, failed to refer him to others for proper care, and that their negligence resulted in the death of the decedent. The prayer for damages asks only for those damages which can be assessed under the wrongful death statute. Plaintiff filed this action after the two-year statute of limitations provided by the Medical Malpractice Act had run, but before the three-year statute of limitations provided by the Wrongful Death Act had run.

Some time later, and after the three-year statute of limitations for wrongful death had also passed, the defendant doctors each filed either motions to dismiss or motions for summary judgment and alleged that the plaintiff had not complied with the notice provisions of the Medical Malpractice Act. The plaintiff responded that she filed suit for wrongful death within the three-year limitation period and did not have to comply with the notice

provisions of the Medical Malpractice Act, contained in Ark. Code Ann. § 16-114-204 (Supp. 1991). The trial court ruled that the plaintiff's suit had not been commenced before the running of the statute of limitations under the then existing law because the plaintiff had not given notice of intent to sue as required by the Medical Malpractice Act before the statute of limitations ran. Accordingly, the trial court dismissed the suit. Plaintiff appeals. We affirm the ruling of the trial court.

As a preliminary matter we note that in view of our decision in *Weidrick* v. *Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), this decision has very little significance as a precedent. It is, however, obviously significant to the parties, and fairness requires that we apply the law extant at the time this case was tried.

The Medical Malpractice Act, which was enacted in 1979, provides that it applies to all causes of action for medical injury. Ark. Code Ann. § 16-114-202 (1987). An "action for medical injury" is "any action against a medical care provider, whether based in tort, contract, or otherwise, to recover damages on account of medical injury," Ark. Code Ann. § 16-114-201(1) (1987), and the act "applies to *all* causes of action for medical injury." Ark. Code Ann. § 16-114-202 (1987) (emphasis added). A medical injury is defined as "any adverse consequence arising out of or sustained in the course of professional services being rendered by a medical provider." Ark. Code Ann. § 16-114-201(3) (1987). Thus, the statute, by its clear language, applies to the facts of this case, and, under the then existing law, Ark. Code Ann. § 16-114-204 (1987), written notice of intent to sue "within 60 days of the expiration of the period for bringing suit" was required. Significantly, the statute additionally contains the provision that it "shall supersede any inconsistent provision of law." Ark. Code Ann. § 16-114-202 (1987). Nothing more need be said about the Medical Malpractice Act. Its language is clear, and it mandates that the ruling of the trial court be affirmed.

The plaintiff-appellant tacitly asks us to ignore the clear language of the statute by arguing that our cases have recognized that medical malpractice and wrongful death are separate causes of action even though they may arise from the same negligent act and asserts this action is solely one for wrongful death. Accord-

ingly, she contends that she did not have to give the "notice of intent to sue" that is required by the Medical Malpractice Act at Ark. Code Ann. § 16-114-204. She bolsters her argument by quoting a sentence of dictum from *Brown* v. *St. Paul Mercury Ins. Co.*, 308 Ark. 361, 823 S.W.2d 908 (1991), that states the Medical Malpractice Act is irrelevant to wrongful death actions.

■ In order to decide the issue, it is first necessary for us to look at our cases and fairly determine what they held. In *Matthews* v. *Travelers Indemnity Ins. Co.*, 245 Ark. 247, 432 S.W.2d 485 (1968), which was decided before the current Medical Malpractice Act became law, the complaint was for a medical injury. The question on appeal was whether the then existing medical malpractice statute of limitations or the wrongful death statute of limitations should apply. Recognizing that medical malpractice and wrongful death were separate statutory actions with conflicting limitations provisions, we said that "each statute is partly controlling." *Id.* at 249, 432 S.W.2d at 487. We chose to apply the wrongful death statute of limitations, which was more liberal, on policy grounds. However, that holding does not decide the issue in this case. The issue here, regardless of which statute of limitations controls, is whether the then required notice provision of the Medical Malpractice Act, Ark. Code Ann. § 16-114-204 (Supp. 1991), is applicable. Since this is undisputedly a suit for a "medical injury," the Medical Malpractice Act applies, and, at the time this case arose, it required the sixty-day notice of intent to sue. The wrongful death statute does not require notice. *See* Ark. Code Ann. § 16-62-102 (1987). The Medical Malpractice Act was enacted long after the wrongful death statute was enacted, and the Medical Malpractice Act expressly "supersedes any inconsistent provision of law." Ark. Code Ann. § 16-114-202 (1987). We have no choice of policy on the notice issue as we did when there were two statutes of limitations that were applicable. Nothing more need be said on this issue, and it too is decisive of this case.

In addition, contrary to the assertions of appellant, our case law has reserved ruling on the issue of whether actions for wrongful death resulting from medical malpractice are subject to the current Medical Malpractice Act. In *Brown* v. *St. Paul Mercury Ins. Co.*, 292 Ark. 558, 732 S.W.2d 130 (1987) (*Brown I*), we wrote that the decedent, Roy DeWayne Brown, died from a

medical injury, but that the three-year statute of limitations contained in the wrongful death statute applied. We did not discuss the notice provision of the Medical Malpractice Act, and made no holding on the issue of notice. The holding of the case related only to the statute of limitations. We based the *Brown I* holding on our earlier holding in *Matthews* v. *Travelers Indemnity Ins. Co.*, 245 Ark. 247, 432 S.W.2d 485 (1968), which was decided before the Medical Malpractice Act was enacted. However, in *Bailey* v. *Rose Care Center*, 307 Ark. 14, 817 S.W.2d 412 (1991), we held that we were in error in *Brown I* when we wrote that the decedent died from a medical injury, and we overruled *Brown I* to that extent. Thus, after *Bailey*, the question of whether a wrongful death resulting from medical injury was subject to the period of limitations of the Medical Malpractice Act was an open question, and we had made no holdings whatsoever about the notice issue.

In *Dawson* v. *Gerritsen*, 295 Ark. 206, 748 S.W.2d 33 (1988), we sought to clear up any misunderstanding about the issue and wrote, "We do not decide whether the legislature intended that actions for wrongful death resulting from medical malpractice be subject to Act 709 [the Medical Malpractice Act]. . . ." *Id.* at 209, 748 S.W.2d at 34. It is hard to think of a clearer way to say that we reserved ruling on the issue.

In *Brown* v. *St. Paul Mercury Ins. Co.*, 308 Ark. 361, 823 S.W.2d 908 (1992) (*Brown III*), which was the third appeal of *Brown I*, we said that the decedent, Roy DeWayne Brown, died from a medical injury and that the three-year statute of limitations contained in the wrongful death statute applied, but we expressly stated that our holding was based only on the law of the case from *Brown I*, and, as previously set out, we had already overruled the part of *Brown I* that held the injury was a medical injury. Unfortunately, one sentence of dictum says that the Medical Malpractice Act, including the notice provision, is irrelevant to wrongful death actions. That is the sentence on which appellant bases her argument. The sentence is dictum, not the holding of the case, and must be read in context of the whole paragraph which states that the holding is based on the law of the case. The concurring opinion of Justice Glaze issued a clear warning to attorneys who might later file medical malpractice actions that it would be prudent to assume that the notice

provisions of the Medical Malpractice Act still apply. *See Brown*, 308 Ark. at 364, 823 S.W.2d at 910 (Glaze, J., concurring). *Brown III* is the latest holding on the statute of limitations issue. It contained no holding on the notice issue.

In sum, we have expressly reserved ruling on whether wrongful death resulting from medical malpractice is governed by the Medical Malpractice Act, and this is the first time we are squarely faced with the issue. The Medical Malpractice Act provides that it applies to *"all causes of action for medical injury."* (Emphasis added.) The language is clear, and we are constrained to follow it. Accordingly, we hold that, under the then existing law, notice had to be given in compliance with the Medical Malpractice Act.

Affirmed.

GLAZE, CORBIN, and BROWN, JJ., dissent.

DONALD L. CORBIN, Justice, dissenting. For some time, this court has recognized that medical malpractice and wrongful death are separate causes of action even though they may arise from the same negligent acts. *Matthews* v. *Travelers Indemnity Ins. Co.*, 245 Ark. 247, 432 S.W.2d 485 (1968). In *Simmons First Nat'l Bank* v. *Abbot*, 288 Ark. 304, 705 S.W.2d 3 (1986), we affirmed the holding of *Matthews* that so long as the medical malpractice two-year statute of limitations has not run before a death caused by a medical injury, a wrongful death suit may be filed within the three-year statute of limitations for wrongful death even though the death was caused by a medical injury. However, we held that reduction to final judgment of the injured person's claim for bodily injury "extinguishes any wrongful death claim by her next of kin that her bodily injuries subsequently cause her death." *Simmons*, 288 Ark. 304, 309, 705 S.W.2d 3, 6. In *Dawson* v. *Gerritsen*, 295 Ark. 206, 748 S.W.2d 33 (1988), appellees argued *Matthews* was no longer good law since it was decided before the legislature enacted Section 5 of Act 709 of 1979, codified as Ark. Code Ann. § 16-114-204 (1987). However, we declined to address "whether the legislature intended that actions for wrongful death resulting from medical malpractice be subject to Act 709." *Dawson*, 295 Ark. 206, 209, 748 S.W.2d 33, 34.

Without overruling *Matthews* or any of our subsequent cases, the majority attempts to distinguish our subsequent cases to reach the holding that an action for wrongful death resulting from medical injury is subject to the provisions of the Medical Malpractice Act enacted by Act 709 of 1979. This is the crux of my dissent. One only has to read *Matthews*, *Simmons First Nat'l Bank*, *Dawson*, *Brown I*, *Bailey*, and *Brown III* to reach the inescapable conclusion that this court has recognized unwaveringly for a quarter of a century that an action for medical malpractice and an action for wrongful death are separate causes of action even though they may arise from the same negligent acts. For this court to "*distinguish*" these cases so as to reach an opposite conclusion is an intellectual feat that I suspect exceeds our profession's ingenuity. While this issue will be moot in the future by virtue of our decision in *Weidrick* v. *Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992) we should follow the precedent which applies to this case.

In *Brown* v. *St. Paul Mercury Ins. Co.*, 292 Ark. 558, 562, 732 S.W.2d 130, 132 (1987) (*Brown I*), while we found that Brown's death was properly characterized as a medical injury, we found that the claim was founded on the wrongful death statute and, therefore, the three-year statute of limitation contained in the wrongful death statute applied. In explaining our decision we stated that

> [o]ur wrongful death statute [creates] a new and separate cause of action which [arises] if death [is] caused by any wrongful act and which carries its own statute of limitations as part of that right. For this reason, the medical malpractice statute of limitations is irrelevant when a patient dies from his injuries before the two-year period has run.

We later determined that the injury in *Brown I* was not a medical injury (decedent in *Brown* was a patient at an alcoholism treatment center when he walked out of an unlocked door onto the roof of the building and either fell or jumped to his death). *Bailey* v. *Rose Care Center*, 307 Ark. 14, 817 S.W.2d 412 (1991). In *Bailey*, we overruled *Brown I* to the extent that holding was in conflict with the holding in *Bailey* that the patient's death was not caused by a medical injury (decedent in *Bailey* was a patient in a

nursing home and left the nursing home unnoticed in his wheelchair and was subsequently struck by a pickup truck and killed instantly). The majority views our decision in *Bailey* as also overruling the decision in *Brown I* that the statute of limitations applicable to a wrongful death action where the cause of death was a medical injury was the statute of limitation for wrongful death and not the statute of limitation for medical malpractice. The majority extends our holding in *Bailey* too far. The only conflict between *Brown I* and *Bailey* was our determination that the injury in *Brown I* was a medical injury. Thus, *Bailey* only overrules *Brown I* to the extent our determination that the injury in *Brown I* was a medical injury is in conflict with the determination in *Bailey* that a similar injury was not a medical injury. *Bailey* does not affect the holding in *Brown I* that wrongful death and medical malpractice are separate actions and the medical malpractice statute of limitations does not apply to a wrongful death claim even if the cause of death is a medical injury.

After our decision in *Bailey*, the *Brown* case was appealed to us yet again. In *Brown v. St. Paul Mercury Ins. Co.*, 308 Ark. 361, 823 S.W.2d 908 (1992) (*Brown III*), the trial court had dismissed appellant's claim for failure to comply with the notice requirements of section 16-114-204. We reversed the trial court and said

> [t]he issue of whether this is a medical malpractice action to be governed by the notice requirements and the two-year statute of limitations of the medical malpractice statutes or a wrongful death action was decided in *Brown I*. We held that this is a wrongful death action. Because this is a wrongful death action, compliance with the medical malpractice statutes, including § 16-114-204, is irrelevant.

*Brown III*, 308 Ark. 361, 363, 823 S.W.2d 908, 909. The majority attempts to ignore our clear statement in *Brown III* by saying it was decided on law of the case principles and contained no holding on the notice issue. The only issue in *Brown III* was whether the notice provisions of section 16-114-204 applied in a wrongful death action. The law of the case which *Brown III* relied upon was the holding in *Brown I* that the case was a wrongful death case in which the cause of death was a medical injury. The holding of *Brown III* was that the notice provisions of section 16-

114-204 do not apply in a wrongful death case even though the cause of death was medical injury. This was not dictum as the majority contends. Under our previous case law, since the case before us is a wrongful death case, even though the cause of death was a medical injury, compliance with section 16-114-204 is not required.[1]

I would reverse and remand for further proceedings consistent with this opinion.

GLAZE and BROWN, JJ., join in this dissent.

ROBERT L. BROWN, Justice, dissenting. I join Justice Corbin's dissent and further observe that the majority this date applies a patchwork quilt approach to this cause of action. We have held that a claim amy be brought for injuries like we have in this case either as a wrongful death action or medical malpractice. *Brown* v. *St. Paul Mercury Ins. Co.*, 292 Ark. 558, 732 S.W.2d 130 (1987), (*Brown I*); *see also Matthews* v. *Travelers Indemnity Ins. Co.*, 245 Ark. 247, 432 S.W.2d 485 (1968). We have held that the two are alternative causes of action with different statutes of limitation. *Id.* The option is available even when a medical injury is involved such as we have in the present case. *Id.*

Today, we are saying, "Not so." The majority holds that the 60-day notice provision in the Medical Malpractice Act may be plucked from that act and applied to a wrongful death action to foreclose further litigation under that statute.

There are several things wrong with this approach. First, the majority has endorsed a hybrid cause of action. Secondly, we decided this issue in *Brown* v. *St. Paul Mercury Ins. Co.*, 308 Ark. 361, 823 S.W.2d 908 (1992) (*Brown III*), when we said:

> Because this is a wrongful death action, compliance with the medical malpractice statutes, including § 16-114-204 [the 60-day notice statute], is irrelevant.

---

[1] We recently held that the notice provision of section 16-114-204 was superseded by Ark. R. Civ. P. 3. *Weidrick* v. *Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992). However, appellant cannot rely on *Weidrick* since appellant did not raise the supersession argument below. *Seyller* v. *Pierce & Co.*, 306 Ark. 474, 816 S.W.2d 474 (1991).

308 Ark. at 363, 823 S.W.2d at 909.

Finally, the fact that we subsequently decided that the injury in *Brown I* was not a medical injury does not negate the holding in *Brown I* that a medical injury claim could be brought either under the Medical Malpractice Act or as a wrongful death action.

I would reverse the trial court's orders of dismissal and remand for trial.

GLAZE and CORBIN, JJ., join.