Brenda HERTLEIN, Administratrix of the Estate of Edward Hertlein *v.* ST. PAUL FIRE AND MARINE INSURANCE COMPANY and Philip Tippin, M.D.

95-407                                                    914 S.W.2d 303

Supreme Court of Arkansas
Opinion delivered February 5, 1996
[Petition for Rehearing denied March 11, 1996.*]

---

* GLAZE, BROWN, and ROAF, JJ., would grant.

*Dunham & Ramey, P.A.*, by: *James Dunham*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *J. Michael Cogbill*, for appellees.

DONALD L. CORBIN, Justice. Appellant, Brenda Hertlein, as administratrix of the estate of Edward Hertlein, deceased, appeals the order of the Logan County Circuit Court granting summary judgment for appellee, Philip Tippin, M.D., on the ground that the statute of limitations expired prior to the commencement of this action for damages caused by medical injury to appellant's decedent. In its order, the circuit court also granted summary judgment for St. Paul Fire and Marine Insurance Company, however, appellant raises no argument as to that part of the circuit court's order. Jurisdiction is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3) and (16). Appellant's sole point for reversal is that the trial court applied the wrong statute of limitations. We affirm the trial court's judgment.

Where the operative facts of the case are undisputed, as here, we simply determine on appeal whether the appellee was entitled to summary judgment as a matter of law. *National Park Medical Ctr., Inc.* v. *Arkansas Dep't Human Servs.*, 322 Ark. 595, 911 S.W.2d 250 (1995).

This action was commenced by complaint filed in May 1994. The gravamen of the complaint against appellee is that he acted negligently in his medical treatment of the decedent, which

was rendered on February 2, 1992, and that his negligence resulted in the decedent's death on February 3, 1992. Appellant and her child are alleged to be the decedent's surviving spouse and child. The complaint prayed for damages for the pecuniary injury and extreme mental anguish of appellant and her child, for appellant's loss of consortium, for the decedent's medical bills as a result of the alleged negligence, and for the decedent's funeral expenses.

The issue, as framed by appellant, is whether the limitations period for a cause of action for wrongful death caused by a medical injury is three years from the decedent's date of death, as provided by the Wrongful Death Act, Ark. Code Ann. § 16-62-102(c) (1987), or two years from the date of the wrongful act complained of, as provided by the Medical Malpractice Act, Ark. Code Ann. § 16-114-203(a) and (b) (Supp. 1995). It is undisputed that this action was commenced after the medical-malpractice two-year statute of limitations expired on February 2, 1994, but prior to the expiration of the wrongful-death three-year statute of limitations on February 3, 1995. Relying upon *Ruffins* v. *ER Arkansas, P.A.*, 313 Ark. 175, 853 S.W.2d 877 (1993), the trial court ruled that the Medical Malpractice Act controlled and the action was not timely filed. The trial court's order was entered on December 27, 1994, and this appeal arises therefrom.

Appellant relies in error upon *Matthews* v. *Travelers Indem. Ins. Co.*, 245 Ark. 247, 432 S.W.2d 485 (1968), and its progeny, for the proposition that the Wrongful Death Act governs the statute-of-limitations issue. In *Ruffins*, we affirmed the trial court's dismissal of that wrongful-death case due to Ruffins's failure to give the "notice of intent to sue" that was then required by the Medical Malpractice Act, and we held:

> In sum, we have expressly reserved ruling on whether wrongful death resulting from medical malpractice is governed by the Medical Malpractice Act, and this is the first time we are squarely faced with the issue. The Medical Malpractice Act provides that it applies to "all causes of action for medical injury." (Emphasis added.) The language is clear, and we are constrained to follow it. Accordingly, we hold that, under the then existing law, notice had to be given in compliance with the Medical

Malpractice Act.

*Id.* at 180, 853 S.W.2d at 880.

■■ The present case is undisputedly one for wrongful death resulting from medical malpractice. Consequently, the Medical Malpractice Act applies. *Id.* The Medical Malpractice Act expressly "applies to all causes of action for medical injury accruing after April 2, 1979, and, as to such causes of action, *shall supersede any inconsistent provision of law.*" Ark. Code Ann. § 16-114-202 (1987) (emphasis added). In the present case, the limitations period provided under the Medical Malpractice Act conflicts with the limitations period provided under the Wrongful Death Act. Pursuant to the Medical Malpractice Act, the Wrongful Death Act's statute of limitations, as an inconsistent provision of law, is superseded by the Medical Malpractice Act's statute of limitations. Section 16-114-202. Thus, the trial court did not err, as a matter of law, in granting the motion for summary judgment.

Affirmed.

GLAZE, BROWN, and ROAF, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. The majority opinion, in essence, does away with the cause of action for wrongful death in connection with medical injuries when the Medical Malpractice Act and the Wrongful Death Act conflict. In doing so, it construes a general repealer clause in the Medical Malpractice Act as repealing the Wrongful Death Act for such injuries. General repealer clauses are not favored unless there is plain conflict between the two statutes. *See Winston* v. *Robinson*, 270 Ark. 996, 606 S.W.2d 757 (1980); 1A Norman J. Singer, *Sutherland Statutory Construction* § 23.08, p. 334-335 (5th ed. 1993). The majority decision errs in deviating from this principle and in construing a repeal of the wrongful death cause of action under these circumstances without more explicit direction from the General Assembly.

Contrary to the majority's conclusion, the case of *Ruffins* v. *ER Arkansas P.A.*, 313 Ark. 175, 853 S.W.2d 877 (1993), did not hold that the Wrongful Death Act, codified at Ark. Code Ann. § 16-62-102 (Supp. 1995), had been superseded in cases dealing with medical injuries. In *Ruffins*, we held that the notice

provision of the Medical Malpractice Act had to be followed even in wrongful death actions. We noted that because of *Weidrich* v. *Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), which eliminated the notice requirement as a condition for commencing medical malpractice actions, the *Ruffins* holding "has very little significance as a precedent." *Ruffins*, 313 Ark. at 177, 853 S.W.2d at 878. We expressly did not decide which statute of limitations applied between the Medical Malpractice Act (two years) and wrongful death actions (three years). Indeed, we stated:

> The issue here, *regardless of which statute of limitations controls*, is whether the then required notice provision of the Medical Malpractice Act . . . is applicable. (Emphasis supplied.)

*Ruffins*, 313 Ark. at 178, 853 S.W.2d at 879. We clearly left the issue of limitations open. The *Ruffins* case simply cannot support the far-reaching holding of the instant case.

By striking down wrongful death actions for medical injuries on limitations grounds, the majority decision, without saying so, overrules two cases of this court — *Matthews* v. *Travelers Indemnity Ins. Co.*, 245 Ark. 247, 432 S.W.2d 485 (1968) and *Brown* v. *St. Paul Mercury Ins. Co.*, 292 Ark. 558, 732 S.W.2d 130 (1987), *overruled in part by Bailey* v. *Rose Care Ctr.*, 307 Ark. 14, 817 S.W.2d 412 (1992) (injury was not a medical injury). The *Matthews* case was decided before the enactment of the Medical Malpractice Act in 1979, but a two-year limitations period for medical malpractice was on the books. The *Brown* case was decided after the enactment of the 1979 Medical Malpractice Act. Both cases held that the 3-year statute of limitations under the Wrongful Death Act applied to deaths caused by medical injury. In fact, in *Matthews*, this court espoused the principle that when two statutes of limitations applied, public policy supported the longer statute. Whereas, the *Ruffin* decision left the *Matthews* and *Brown* decisions intact, today's opinion casts them into oblivion without so much as a word. There should at least be an explanation as to why these cases have been put to rest.

Because of today's opinion, the survivor of a person who dies two years after suffering a medical injury has no cause of

action for wrongful death. Wrongful death actions have existed in this state since 1883. *Bell* v. *Estate of Bell*, 318 Ark. 483, 885 S.W.2d 877 (1994) (citing Act 53 of 1883). Had the General Assembly desired to repeal the wrongful death cause of action for medical injuries in any respect, it could easily have done so in 1979 by a specific repealer in the Medical Malpractice Act. It did not. Nor did it do so after our decision in *Brown* v. *St. Paul Mercury Ins. Co., supra*, where we expressly affirmed use of the statute of limitations under the Wrongful Death Act for a medical injury. Now, almost 20 years after the enactment of the Medical Malpractice Act, we hold that a repeal was contemplated. I cannot make that interpretative leap.

I respectfully dissent.

GLAZE and ROAF, JJ., join.