Judy F. SCARLETT *v.* ROSE CARE, INC.

97-68                                        944 S.W.2d 545

Supreme Court of Arkansas
Opinion delivered May 27, 1997

*Trotter & Skelton,* by: *Rick W. Skelton,* for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard PLLC,* by: *R. T. Beard, III* and *L. Kyle Heffley,* for appellees.

RAY THORNTON, Justice. Mrs. Judy F. Scarlett, appellant, brought this action for wrongful death as the result of the alleged medical negligence of Rose Care, Inc., and other appellees who were the medical care providers responsible, until May 10, 1993, for the care and treatment of Mrs. Daisey Idell Perry, appellant's mother. Ms. Perry died on June 12, 1993.

Mrs. Scarlett filed this action in the trial court on June 11, 1996. The trial court ruled that the complaint was barred by the two-year statute of limitations applicable to medical malpractice and granted appellee's motion to dismiss. Appellant urges us to reverse the decisions relied upon by the trial court that all claims for medical injury, even those resulting in death, must be brought within the two-year limitations period provided in the Arkansas Medical Malpractice Act at Ark. Code Ann. § 16-114-203 (Supp. 1995). Alternatively, she asks that we find error in the trial court's failure to apply the doctrine of equitable estoppel or equitable tolling of the statute of limitations. We affirm the decision of the trial court.

Mrs. Perry was admitted to appellee Rose Care as a resident on February 10, 1993, and appellee Dr. Benny Green became her attending physician on that date. Prior to her admission to Rose Care, she had been prescribed a diuretic drug on a "take as needed" basis. After her admission to Rose Care, Dr. Green changed her medication order, requiring three scheduled doses of

the diuretic drug per week, which were administered by employees of Rose Care.

On May 3, 1993, after receiving her scheduled dose of the diuretic, Mrs. Perry became nauseated and began vomiting. She continued to receive the scheduled doses through May 10, 1993. Thereafter, she suffered from prolonged nausea and vomiting, and became severely dehydrated. She died on June 12, 1993.

In 1994, Mrs. Scarlett contacted an attorney and was eventually appointed personal representative of her mother's estate. She also asked the attorney to investigate the events surrounding her mother's death. After the investigation, in June of 1994, she asked the attorney how much time she had to bring a lawsuit against her mother's health care providers based on the events surrounding her mother's death.

Mrs. Scarlett's attorney researched the law and advised her that there was a two-year limitations period for medical malpractice and a three-year limitations period for wrongful death. The attorney further advised her that this court had decided that the three-year period of the wrongful-death statute applied to cases of medical negligence resulting in the death of the patient. Based on this advice, she waited until June 11, 1996, to file her action.

Appellees filed a motion to dismiss, arguing that the limitations period had run on the claim, as it was one for medical negligence. The trial court granted the motion, relying upon our decision in *Hertlein v. St. Paul Fire & Marine Inc. Co.,* 323 Ark. 283, 914 S.W.2d 303 (1996), in which we held that the two-year limitations period of Ark. Code Ann. § 16-114-203(a) applies to suits for death resulting from a medical injury.

■ Clearly, Mrs. Scarlett's complaint stated a cause of action for medical malpractice, as it asserted that appellant died as a result of the treatment she received from Dr. Green and Rose Care in administering the diuretic. In *Bailey v. Rose Care,* 307 Ark. 14, 817 S.W.2d 412 (1991), we said that a medical injury takes place when the circumstances involve a professional service, as opposed to a situation where there was merely a failure to supervise the patient. Our case law is now clear that when a death

results from a medical injury, a resulting lawsuit must be filed within the two-year limitations period of the Medical Malpractice Act.

■ In *Ruffins v. ER Arkansas, P.A.,* 313 Ark. 175, 853 S.W.2d 877 (1993), we noted that after *Bailey,* "the question of whether a wrongful death resulting from medical injury was subject to the period of limitations of the Medical Malpractice Act was an open question." *Id.* at 179, 853 S.W.2d at 877. We recognized in *Ruffins* that the Medical Malpractice Act was enacted long after the wrongful death statute was enacted, and that it expressly states that it applies to all causes of action for medical injury and that it supersedes any inconsistent provision of law. We have consistently applied this reasoning in the cases following *Ruffins.* We adhere to this position, and decline to overrule these cases.

■ Alternatively, Mrs. Scarlett asks that we apply the doctrines of equitable estoppel to toll the statute of limitations. *See Pope County v. Friday, Eldredge & Clark,* 313 Ark. 83, 852 S.W.2d 114 (1993); *Kitchens v. Evans,* 45 Ark. App. 19, 870 S.W.2d 767 (1994). In order to successfully assert the defense of equitable estoppel, the following must be shown: (1) conduct by one party who knows the facts and intends that his conduct be relied upon by the second party; (2) the party relying on the first party's conduct must be ignorant of the facts; (3) the party relying on the first party's conduct must do so to his detriment. *Moore v. Moore,* 21 Ark. App. 165, 731 S.W.2d 215 (1987); *McEntire v. McEntire,* 267 Ark. 169, 590 S.W.2d 241 (1979).

■■ Mrs. Scarlett is unable to make such a showing. Her argument is that she relied upon the advice of her attorney in waiting to file the action under the three-year statute of limitations of the Wrongful Death Act; therefore, the applicable statute should be equitably tolled. However, it is well settled that the acts of an attorney are equivalent to the acts of the client. *Self v. Self,* 319 Ark. 632, 893 S.W.2d 775 (1995). Absent fraud, a client is bound, according to the ordinary rules of agency, by the acts of her attorney within the scope of his authority, even if these acts are negligent. *Id.* Mrs. Scarlett does not claim that her attorney committed fraud, or even that he was negligent. Nevertheless,

because his actions, as her agent, are equivalent to hers, she cannot show that she detrimentally relied upon the actions of another party.

We find no error, and affirm.

GLAZE, J., concurring.

ARNOLD C.J., and BROWN, J., dissenting.

ROBERT L. BROWN, Justice, dissenting. I dissent for the reasons set out in my dissent in *Morrison v. Jennings*, 328 Ark. 278, 943 S.W.2d 559 (1997) (Brown, J., dissenting).

ARNOLD, C.J., joins.