Nelson **FONCANNON** and Aireen Foncannon, et al. Plaintiffs

v.

**PHICO INSURANCE COMPANY,** et al. Defendants

No. CIV. 99–3075.

United States District Court, W.D. Arkansas, Harrison Division.

June 21, 2000.

Frank H. Bailey, Bailey Law Firm, Mountain Home, AR, Paul Kavanaugh, Kenner, James & Kavanaugh, Kansas City, MO, for Plaintiff.

Rick T. Beard for Phico Ins. & James Brough Justice, M.D., Mitchell, Williams, Selig, Gates & Woodyard, Little Rock, AR.

Patricia A. Sievers for Asish Kumar Ghosh, M.D., Wright, Lindsey & Jennings, Little Rock, AR.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, District Judge.

This is a wrongful death action. Plaintiffs' contend the defendants' medical negligence resulted in the death of their four year old son. Plaintiffs seek to recover

damages under Arkansas' Wrongful Death Act.

The case is before the court on the motion for summary judgment filed by Dr. Asish Ghosh. The other defendants, Dr. James Justice and Phico Insurance Company, have filed a motion to adopt Dr. Ghosh's motion. Their request will be granted.

The sole issue raised by this motion is whether the damage provisions of the Arkansas Wrongful Death Act are inconsistent with, and thereby superceded by, the damage provisions of the Arkansas Medical Malpractice Act. If the answer to this question is yes, the Medical Malpractice Act deprives the statutory beneficiaries of the Wrongful Death Act of their right to obtain damages for any wrongful death caused by a medical injury.

## I. BACKGROUND

On March 5, 1999, Jared Foncannon, a four year old boy, was treated at the Newton County Family Practice Clinic by Dr. James Justice, a pediatrician. Jared had severe stomachache, sore throat, fever of 104, redness of the right ear, and was lethargic. Dr. Justice diagnosed Jared with an inflamed throat and earache. Dr. Justice ordered an injection, prescribed medicine, and told Jared's parents to take Jared home, put him to bed, and continue to give fluids.

Jared's condition worsened and early the next morning, March 6, 1999, his parents took him to the emergency room at North Arkansas Regional Medical Center in Harrison, Arkansas. Jared was admitted to the hospital for dehydration and his care was turned over to Dr. Asish Ghosh, a pediatrician practicing in Harrison, Arkansas. Shortly after midnight, Jared died.

On October 18, 1999, his parents Nelson and Aireen Foncannon, filed this wrongful death action. Dr. Ghosh, Dr. Justice, and Phico Insurance Company, the liability in-

surance carrier for North Arkansas Regional Medical Center,[1] were named as defendants. The complaint alleges that Jared's death was proximately caused by the negligent care and treatment rendered by the defendants. Jared's parents seek to recover the value of their child's probable future services and damages for the mental anguish they have endured, and will endure in the future, as a result of the death of their son.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the nonmoving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir.1999). Where the unresolved issues are primarily legal, rather than factual, summary judgment is particularly appropriate. *Crain v. Board of Police Commissioners*, 920 F.2d 1402, 1405–06 (8th Cir.1990).

## III. DISCUSSION

■ Defendants contend the Arkansas Medical Malpractice Act rather than the Arkansas Wrongful Death Act applies to this case since plaintiffs are seeking compensation for an alleged medical injury. They next argue the Medical Malpractice Act does not allow for the recovery of

---

1. North Arkansas Regional Medical Center does business as the Newton County Family Practice, in Jasper, Arkansas. North Arkansas Regional Medical Center is an Arkansas not-for-profit corporation and Phico was appropriately named a defendant in this direct action pursuant to the provisions of Ark.Code Ann. § 23–79–210 (Repl.1999).

damages for mental anguish and pecuniary losses experienced by surviving family members, *i.e.*, wrongful death damages. Rather, it is their contention that the Medical Malpractice Act limits plaintiffs' potential recovery to the losses allegedly experienced by the decedent. Since plaintiffs are only seeking to recover for their own mental anguish and pecuniary losses and have not pled a survival cause of action,[2] defendants contend they are entitled to judgment on all of the plaintiffs' claims.

To allow recovery of wrongful death damages in a medical malpractice case would, defendants contend, conflict with the plain language of the damages provisions in the Medical Malpractice Act. Defendants, while recognizing that an unpublished decision of a state trial court is not binding, points out that the Pulaski County Circuit Court, the Honorable Judge David Bogard presiding, has adopted the various arguments put forth by the defendants here. *Holderfield v. Beverly Enterprises, et al.,* Case No. CV 99–2383 (April 27, 2000). Specifically, Judge Bogard ruled that "the beneficiaries of one who has died as a result of alleged medical malpractice are unable to recover damages for their own mental anguish and pecuniary losses."

In opposition, plaintiffs argue the Medical Malpractice Act does not repeal the Wrongful Death Act or limit the damages provided therein. If the court finds merit in defendants' argument, plaintiffs state the ability of the heirs to sue for the death of a family member under the Wrongful Death Act would be dependent upon the circumstances of the injured person's death. Plaintiffs suggest application of this rule could produce ludicrous results. For instance, plaintiffs point out that under defendants' theory, if a doctor negligently operates an automobile and a child dies, the child's family may sue for wrongful death and recover damages. However, if the doctor negligently treats a child as a patient and the child dies, the child's family may not recover damages for the wrongful death.

Plaintiffs contend these two distinct outcomes are not permissible. Adoption of the defendants' construction of the Medical Malpractice Act, would, in plaintiffs' view, render it unconstitutional under both the Equal Protection and Due Process Clauses of United States Constitution and impair their fundamental right of access to the courts. Further, plaintiffs argue that Arkansas rules of statutory construction do not support the defendants' argument.

The Arkansas Medical Malpractice Act, Ark.Code Ann. § 16–114–201 *et seq.* (1987), is a "comprehensive act enacted for the purpose of governing actions for medical injury." *Weidrick v. Arnold,* 310 Ark. 138, 835 S.W.2d 843 (1992). By its terms, it "applies to all causes of action for medical injury accruing after April 2, 1979, and, as to such causes of action, shall supersede any inconsistent provision of law." Ark. Code Ann. § 16–114–202. An "action for medical injury" is "any action against a medical care provider, whether based in tort, contract, or otherwise, to recover damages on account of medical injury." Ark.Code Ann. § 16–114–201(1).

The term "medical injury" is defined, in relevant part, as "any adverse consequences arising out of or sustained in the course of the professional services being rendered by a medical care provider." Ark.Code Ann. § 16–114–201(3). The term "medical care provider" includes physicians, hospitals, and clinics. Ark.Code Ann. § 16–114–201(2).

With respect to damages, § 16–114–208 provides as follows:

(a)(1) The damages awarded may include compensation for actual economic losses recognized by law suffered by the injured person by reason of medical injury including, but not limited to, the cost of reasonable and necessary medi-

---

**2.** A survival action is for the recovery of damages the decedent suffered prior to death. *McDonald v. Pettus,* 337 Ark. 265, 988 S.W.2d

9 (1999). A wrongful death action is for the recovery of damages the heirs suffered as a result of the decedent's death. *Id.*

cal services, rehabilitation services, custodial care, loss of services, and loss of earnings or earning capacity;

(2) The damages awarded may include compensation for pain and suffering and other noneconomic loss recognized by law;

(b) In the event of a verdict for the plaintiff, the finder of fact shall separately state its awards for both past and future economic losses and for both past and future noneconomic losses;

(c)(1) In the event of a judgment for the plaintiff, if the award for future damages exceeds one hundred thousand dollars ($100,000) the court may, at the request of either party, order that the future damages of the injured person exceeding one hundred thousand dollars ($100,000) be paid in whole, or in part, by periodic payments as determined by the court, rather than by lump sum payment, on such terms as the court deems just and equitable.

(2) As a condition to authorizing periodic payments of future damages, the court may order a judgment debtor who is not adequately insured to post security adequate to assure full payment of such damages.

(3) In the event of the death of the injured person prior to completion of installment payments of principal and interest upon motion of any party in interest, the court shall modify the order by deducting from the remaining balance the amount representing unpaid compensation for future pain and suffering and future expenses of care and by ordering the remainder to be paid into and become a part of the estate of the decedent.

Ark.Code Ann. § 16–114–208.

The Arkansas Wrongful Death Statute creates a cause of action which arises if death was caused by a wrongful act. Ark.

Code Ann. § 16–62–102 (1987). The beneficiaries of the action may recover compensation for pecuniary injuries and mental anguish resulting from the death. Ark. Code Ann. § 16–62–102(f).

The Arkansas courts have considered the interaction between these two acts on a number of occasions. In *Ruffins v. ER Arkansas, P.A.*, 313 Ark. 175, 853 S.W.2d 877 (1993), the court was asked to decide whether a wrongful death action caused by medical injury was subject to dismissal for failure of the plaintiffs to comply with the then existing notice provision[3] of the Medical Malpractice Act. The court ruled that, under the clear language of the Medical Malpractice Act then existing, the notice provisions applied. It found significant the provision of the Medical Malpractice Act that provides it "shall supersede any inconsistent provision of law." Ark.Code Ann. § 16–114–202.

The Arkansas Supreme Court has also held that the two-year statute of limitations contained in the Medical Malpractice Act applies to wrongful death claims rather than the three-year statute of limitations contained in the Wrongful Death Act. *Hertlein v. St. Paul Fire & Marine Ins. Co.*, 323 Ark. 283, 914 S.W.2d 303 (1996). In cases involving death caused by a medical injury, the two separate statutory actions clearly contained conflicting limitations provisions.

The Arkansas Supreme court held that "because the language of the Medical Malpractice Act provides that the act supersedes any inconsistent provision of law, the two-year statute of limitations provided in the act applies to any claim of medical injury, regardless of whether the injured person ultimately died as a result." *Morrison v. Jennings*, 328 Ark. 278, 287, 943 S.W.2d 559 (1997). *See also Pastchol v. St. Paul Fire & Marine Ins. Co.*, 326 Ark.

---

**3.** In *Weidrick v. Arnold,* 310 Ark. 138, 835 S.W.2d 843 (1992), the Arkansas Supreme Court held that the 60–day notice of intent to sue provision of the Arkansas Medical Malpractice Act was superseded by Rule 3 of the Arkansas Rules of Civil Procedure. It held the notice provision conflicted with the provisions of that rule with respect to the commencement of civil actions.

140, 149, 929 S.W.2d 713 (1996) (Survival and wrongful death claims involving a medical injury are encompassed within the provisions of the Medical Malpractice Act and the two-year statute of limitations applies).

In *HCA Health Services of Midwest, Inc. v. National Bank of Commerce,* 294 Ark. 525, 745 S.W.2d 120 (1988), the argument was made that punitive damages were not recoverable in a cause of action for medical injury. In its amicus brief, the Arkansas Hospital Association argued that the "damages recoverable in a cause of action for medical injury are set forth in § 16–114–208, and because the statute fails to specifically enumerate punitive damages as a recoverable element, the legislature intended to exclude punitive damages in medical injury actions." *Id.,* 294 Ark. at 528, 745 S.W.2d 120.

The court rejected the argument. It held:

> In enacting the Arkansas Medical Malpractice Act, the Arkansas General Assembly did not restrict an injured party from claiming punitive damages when a medical-care provider, as defined by that Act, was guilty of willful and wanton misconduct. If the General Assembly had intended such a restriction, it could have easily set it out in the Act. The appellant's attempt to construe the Act so as to exclude exemplary damages is simply unpersuasive. In holding that punitive damages are recoverable in medical malpractice actions, we follow what appears to be the prevailing view.

*Id.*

■ We similarly decline to adopt defendants' argument that the Medical Malpractice Act, by not specifically providing for the recovery of wrongful death damages by beneficiaries or heirs at law, supersedes the provisions of the Wrongful Death Act and prohibits such a recovery. Defendants attempt to distinguish *HCA Health* by pointing out that punitive damages were recoverable at common law and that their purpose is to punish wrongdoers

and not to compensate the injured party is unavailing.

While the Wrongful Death Act creates a statutory right that did not exist at common law and the damages thereunder are meant to compensate rather than punish, we do not believe the failure of the Medical Malpractice Act to enumerate these types of damages can be read as an exclusion. Rather, it is just as plausible that the legislature felt it unnecessary to duplicate the provisions of the Wrongful Death Act by enumerating in the Medical Malpractice Act the types of damages recoverable in the case of a death resulting from a medical injury. Nowhere does the Medical Malpractice Act indicate an intent to exclude wrongful death damages.

Because the Medical Malpractice Act provision discussing compensation for economic losses, § 16–114–208(a)(1), refers to losses suffered **by the injured person,** defendants contend the following provision which states "[t]he damages awarded may include compensation for pain and suffering and other noneconomic loss recognized by law," Ark.Code Ann. § 16–114–208(a)(2), also refers only to damages suffered by the injured person. From this, defendants make the leap that no other damages are allowed by the Medical Malpractice Act and that any damage provision of the Wrongful Death Act is in direct conflict with the Medical Malpractice Act and therefore superseded.

We find this argument unpersuasive. There is no direct conflict. The Medical Malpractice Act clearly does not attempt to cover the damages available to the heirs in the event the malpractice victim dies. Instead, the only provisions of the Act even touching on what happens if the malpractice victim is so unfortunate to suffer medical malpractice so severe as to cause his death, covers what is to be done with the future damage payments owed to the victim.

There is no indication that the legislature attempted to set forth a comprehensive and exclusive listing of the types of

damages recoverable in medical malpractice actions. In fact, the language belies any such reading of the statute. Both subsections indicate the damage award "may include" certain identified types of economic or non-economic damages. There is no language indicating an intent to limit recovery to the specified types of damages or an intent to limit the recovery of damages to the injured person. Had the legislature intended to prohibit the recovery of damages in the case of wrongful death suits brought by the survivors of the victim of the medical injury, it could have easily done so. In fact, one could presume that the legislature was fully aware of the Wrongful Death Act and the type of damages recoverable thereunder.

As plaintiffs accurately point out, adopting defendants' argument would produce truly absurd results. The Arkansas Wrongful Death Act would allow recovery of damages by the specified beneficiaries in all cases of wrongful death except those involving a wrongful death resulting from a medical injury.

We cannot imagine that the legislature would intend such absurd results or that the Arkansas courts would construe the Medical Malpractice Act to produce such results. While the Arkansas Supreme Court has not dealt with this precise question, we believe that when faced with the issue, the court will rule that the damage provisions of the two acts do not conflict and the beneficiaries of the wrongful death act may recover damages in the case of deaths resulting from medical injuries.[4]

## IV. CONCLUSION

For the reasons stated, the defendants' motions for summary judgment will be

denied by a separate order entered concurrently herewith.

---

**4.** With due respect for Judge Bogard, we disagree with his ruling that the Medical Malpractice Act limits recovery of mental anguish and economic losses to the "injured person."

After this opinion had been drafted, but before it was filed, plaintiffs' counsel drew the court's attention to an opinion issued by the Honorable William R. Wilson, United States

District Judge for the Eastern District of Arkansas, in which he held that the damage provisions of the Medical Malpractice Act and the Wrongful Death Act were consistent and complementary. *Meredith, et al. v. Buchman, et al.*, 101 F.Supp.2d 764 (2000). We agree with the conclusions of Judge Wilson contained in his lucid and well-reasoned opinion.