W. W. MATTHEWS v. TRAVELERS INDEMNITY INS. CO.

5-4656

432 S.W. 2d 485

Opinion Delivered September 30, 1968
[Rehearing denied November 4, 1968.]

*Garner & Parker* for appellant.

*Crouch, Blair & Cypert* for appellee.

GEORGE ROSE SMITH, J. This is an action for malpractice brought by the appellant, as administrator of his deceased wife's estate, against the appellee as the insurer of a nonprofit corporation that operates a testing laboratory in Fayetteville. The trial court sustained a demurrer to the complaint on the ground that the causes of action asserted by the administrator were barred by limitations. This appeal is from the ensuing order of dismissal.

The complaint alleges that on September 6, 1964, Mrs. Matthews underwent an operation for the removal of suspect tumorous tissue. During the operation samples of the tissue were sent to the laboratory, which reported on September 14 that the tissue was not cancerous. The patient's condition worsened to such an extent that on January 22, 1965, her attending physician ordered a re-examination of the tissue. On January 29 the laboratory reported that it had made a mistake—that Mrs. Matthews actually was suffering from a malignancy. The complaint asserted that as a result of the laboratory's negligence Mrs. Matthews's condition so deteriorated that she was beyond medical help; that she suffered great mental and physical anguish prior to her death on November 28, 1965; and that the plaintiff was thereby damaged in the sum of $100,000. The suit was filed on June 14, 1967.

In sustaining the defendant's demurrer the trial court applied the two-year statute of limitations governing medical malpractice, which provides that the date of the accrual of the cause of action shall be ''the date of the wrongful act complained of, and no other time.'' Ark. Stat. Ann. § 37-205 (Repl. 1962). If that is the controlling statute, then the filing of the suit on June 14, 1967, was too late, whether the wrongful act occurred

on September 14, 1964, the date of the first examination of the tissue, or on January 29, 1965, the date on which the mistake was corrected.

Contrariwise, the appellant insists that the case is governed by the wrongful death statutes, which provide that the action shall be commenced within three years after the death of the person alleged to have been wrongfully killed. Ark. Stat. Ann. §§ 27-906 and -907 (Repl. 1962). In that view the action was timely, because death occurred on November 28, 1965, and the suit was brought on June 14, 1967.

In our opinion each statute is partly controlling. It is essential to recognize that two separate causes of action are being asserted by the appellant in his capacity as administrator of his deceased wife's estate. The complaint seeks in part to recover compensation for the physical and mental anguish suffered by Mrs. Matthews before her death. At common law that cause of action would not have survived the death of Mrs. Matthews, but under our survival statute it may be asserted by her personal representative. Ark. Stat. Ann. §27-901. In that situation the personal representative is asserting the decedent's cause of action and must therefore bring suit within the period allowed by that statute of limitations which would have governed if the injured person had not died. *Smith* v. *Missouri Pac. R.R.*, 175 Ark. 626, 1 S.W. 2d 48 (1927). That being the two-year malpractice act in this case, the administrator's attempt to assert Mrs. Matthews's cause of action for her physical and mental pain and suffering is barred, because the suit was not filed within two years after the wrongful act complained of.

An administrator is also entitled to assert the cause of action for wrongful death that was created by statutes modeled after Lord Campbell's Act. Our statute, with respect to the case at bar, creates a cause of action in the surviving spouse for his loss of consortoum and for his mental anguish. Ark. Stat. Ann. §27-909. That

cause of action may be asserted, as we have indicated, within three years after the death of the person alleged to have been wrongfully killed. Here the administrator's suit upon that cause of action was timely.

We are not overlooking the argument that the administrator's action for wrongful death is to some extent derivative, in that it may be extinguished either by a suit for personal injuries prosecuted by the injured person to a final judgment during his lifetime, Restatement, Judgments, § 92 (1942), or by the running of the applicable statute of limitations during the injured person's lifetime. *Hicks* v. *Missouri Pac. R.R.*, 181 F. Supp. 648 (W.D. Ark. 1960), app. dism. 285 Fed. 2d 427 (1960). Here, however, the two-year malpractice statute had not run when Mrs. Matthews died on November 28, 1965. We are accordingly of the opinion that the administrator was entitled to assert the cause of action for wrongful death at any time within three years after Mrs. Matthews's death. Where the issue is doubtful our policy is to favor the longer of two statutes of limitation. *Jefferson* v. *Nero*, 225 Ark. 302, 280 S.W. 2d 884 (1955).

The appellee also argues that the complaint is defective in two other respects: (a) It fails to allege that the nonprofit corporation was not subject to suit in tort, within the statute authorizing direct action against the liability insurer, Ark. Stat. Ann. § 66-3240 (Repl. 1966); and (b) it fails to assert the amount of coverage that was afforded by whatever liability policy the appellee may have issued to the nonprofit concern. We think those matters might properly have been raised by a motion to make the complaint more definite, but we do not consider such defects in the pleading to be subject to demurrer.

The judgment is affirmed with respect to the first cause of action we have discussed and is reversed with respect to the second one.

Jones, J., dissents.