Jeff ENGLAND and Don Ragar *v.* DEAN WITTER REYNOLDS, INC. and Robert W. Bass

90-321                                                       811 S.W.2d 313

Supreme Court of Arkansas
Opinion delivered July 1, 1991

*David M. Hargis*, for appellants.

*Friday, Eldredge & Clark*, by: *Michael G. Thompson, Elizabeth J. Robben* and *Tonia P. Jones*, for appellees.

EDWIN B. ALDERSON, JR., Special Chief Justice. Appellants appeal an Order of Dismissal of the lower court which granted the Appellees' Motion to Compel Arbitration and for Dismissal. The court in that Order dismissed Appellants' Complaint and stated ". . . if they desire to further pursue their alleged claims against

the Defendants, (Plaintiffs) must do so in accordance with the arbitration agreements entered into by the parties".

Appellants, Jeff England and Don Ragar, (along with Keith French who joined in the complaint in the lower court but did not appeal the decision) while working in the Little Rock branch of E. F. Hutton negotiated in the Fall of 1987 with Appellees Dean Witter Reynolds, Inc. and Appellees Robert W. Bass, a Vice President of Dean Witter and the branch Manager for its Securities Operations in Little Rock. The negotiations concluded with agreement among the parties that Appellants would become employees of Dean Witter. The parties executed a letter agreement dated December 11, 1987, an Account Executive Employment Agreement dated December 15, 1987 and a Uniform Application for Securities Industries Registration or Transfer dated December 16, 1987 known in the industry as a "Form U-4". The December 15 Agreement provided for arbitration and also that it would be governed by Arkansas Law. The Form U-4 contained a comprehensive arbitration agreement providing for arbitration of "any dispute, claim or controversy that may arise . . ." in accordance with Rule 347 of the New York Stock Exchange which likewise calls for arbitration of any controversy arising out of the employment.

Almost instantly problems arose between Appellants and Appellees and Appellants' employment ceased in early 1989. England, Ragar and French filed their complaint in the lower court in August, 1989 alleging fraudulent inducement, intentional misrepresentation, gross negligent misrepresentation, *prima facie* tort and tort outrage. Their prayer was for unspecified compensatory damages plus $20,000,000 punitive damages. Appellees filed a Motion to Compel Arbitration and for Dismissal of the Complaint. The Order of Dismissal granting the motion and dismissing the Complaint was entered in February, 1990.

The Points of Appeal relied on by the Appellants are as follows:

1. All authorities, state and federal, require an agreement to arbitrate the specific subjects involved and the matter is one of contract.

2.  The "choice of law by agreement" issue was entirely omitted from the lower court's ruling.

3.  The lower court failed to follow the rules for construction of contracts under Arkansas Law.

4.  The lower court ignored the rules requiring jury determination when the making of an agreement to arbitrate is in issue.

5.  The lower court erred by its determination of material and disputed fact issues which is an unconstitutional usurpation of the jury function and a denial of the right to a jury trial.

All parties admit that the Form U-4 was executed by the parties. As a contract involving interstate commerce it is covered by the Federal Arbitration Act. The Federal Arbitration Act provides that if the making of the Arbitration Agreement is in issue a party may demand a jury trial. Notwithstanding the plethoric arguments by Appellants' counsel it was clear to the lower court and it is clear to this court that there was indeed an agreement to arbitrate. In this connection we think that the lower court should have made a specific finding that there was no material issue of fact to be determined.

While the substantive issues are determined by the Federal Arbitration Act the procedural issues are determined by Arkansas Law. Appellees argue that the order of the lower court is not appealable. Most states which have adopted the Uniform Arbitration Act have held that an order compelling arbitration is not appealable. In *Chem-Ash, Inc.* v. *Arkansas Power and Light Co.*, 296 Ark. 83, 751 S.W.2d 353 (1988) this court held that the lower court's order compelling arbitration is not appealable. The court stated:

> If we permit an Appeal from every order referring a case to arbitration, the policy favoring arbitration would be frustrated, and we would be twice reviewing a case.

Substantively the lower court made the correct decision, however its order must be modified to show a clear determination that with respect to the existence of an agreement to arbitrate

there was no material issue of fact to be determined. In addition the lower court is directed not to dismiss the action but to retain jurisdiction of the controversy until the arbitration process has been concluded. Accordingly, the Appeal is dismissed and Mandate issued consistent with this Opinion.

Special Justice JANET L. BURTNESS joins in this opinion.

HOLT, C. J., DUDLEY, J. and BROWN, J., not participating.