Edna Thomas BROWN *v.* PINE BLUFF NURSING HOME a/k/a Southern Healthcare, Inc., d/b/a Pine Bluff Nursing Center

04-52                                                           199 S.W.3d 45

Supreme Court of Arkansas
Opinion delivered December 2, 2004

*Wilkes & McHugh, P.A.*, by: *Brian G. Brooks*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *David A. Littleton*, for appellee.

Tom Glaze, Justice. In January of 1998, Ed Thomas was admitted to the Pine Bluff Nursing and Rehabilitation Center ("the nursing home"). Thomas was a seventy-two-year-old man who had been diagnosed with dementia and declared incapacitated. On January 24, 1998, Thomas wandered away from the nursing home; tragically, he was never found. On September 14, 2000, Thomas's daughter and guardian, appellant Edna Thomas Brown, filed a negligence suit against the nursing home, naming Pine Bluff Nursing Home and Stan Townsend, a part owner of the company that owned the nursing home. The complaint was served on Townsend; he and the nursing home answered, and discovery commenced. However, Brown voluntarily dismissed that suit on July 19, 2001.

On July 8, 2002, less than twelve months later, Brown filed a second complaint against Pine Bluff Nursing Home and Stan Townsend, wherein she again alleged that the nursing home "negligently cared for Ed Thomas in such a manner as to be the proximate cause of his probable death." On November 4, 2002, Brown filed a motion to extend the time for service of process, claiming the nursing home's agent for service had changed addresses. The trial court granted Brown an extension order, which was entered on November 5, 2002. Nonetheless, the nursing home was never served with a summons. However, counsel for the nursing home and Townsend became aware of the suit as a result of a letter mailed to the nursing home's administrator, Deborah York, who was not a registered agent for service. Nonetheless, the nursing home and Townsend filed an answer on December 2, 2002, and a motion for summary judgment on April 10, 2003. Both the nursing home and Townsend alleged that Brown had

never properly served the complaint on either party; therefore, they argued, Brown's second lawsuit should be dismissed with prejudice.

On May 1, 2003, more than five years after Ed Thomas's disappearance, the Jefferson County Probate Court declared him to be deceased, pursuant to Ark. Code Ann. § 16-40-105; the court appointed Brown as personal representative of Thomas's estate. On May 9, 2003, Brown filed an amended complaint again alleging negligence; in addition, she alleged for the first time a wrongful death claim under Ark. Code Ann. § 16-62-102. This time, Brown's complaint was properly served, and on May 16, 2003, the nursing home filed a motion to dismiss the amended complaint, reiterating the failure-of-service contentions raised in its previous motion for summary judgment.

In her response to the nursing home's motion to dismiss, Brown argued that, since the filing of the nursing home's motion for summary judgment, the facts had changed. In particular, she pointed out that, due to the probate court's declaration that Thomas was dead, she had a wrongful death claim that had not previously existed. Brown also noted that her complaint in the first suit contained neither a wrongful death claim nor a statutory survival claim, and that neither cause of action could have been pled prior to the declaration of Thomas's death. Because the May 9, 2003, amended complaint involved allegations of fact that occurred after the July 8, 2002, complaint was filed, she claimed, the amended complaint should properly be classified as a supplementary pleading under Ark. R. Civ. P. 15(d), as opposed to an amended pleading under Ark. R. Civ. P. 15(a). In addition, Brown argued that no wrongful death cause of action accrued until May 1, 2003, when the trial court declared Thomas dead; therefore, she contended, in the event the court decided to grant the nursing home's motion to dismiss, such dismissal should be without prejudice under Ark. R. Civ. P. 41(a). In a supplemental response, Brown further argued that, under Ark. Code Ann. § 16-56-116 (Supp. 2003), the statute of limitations should be tolled due to Thomas's mental incompetence.

After a hearing, the trial court granted the nursing home's summary-judgment motion on September 19, 2003, finding that it and Townsend were not properly served within the extended time for service. In addition, the court found that Brown's wrongful death claim was barred by the three-year statute of limitations, *see* Ark. Code Ann. § 16-62-102(c)(1) (1987 & Supp. 2003), because

the wrongful death claim was derivative of the initial complaint alleging negligence. The court also rejected Brown's savings-statute argument, ruling that the savings statute applied only to common-law actions, and did not toll the statute of limitations for a wrongful death claim. Therefore, the court dismissed Brown's amended complaint with prejudice.

On appeal, Brown argues that the trial court erred in holding that her wrongful death action was barred; she also contends that Thomas's incompetence tolled the statute of limitations. The parties agree that this appeal presents purely questions of law, and that the appropriate standard of review is therefore *de novo*. *See Sanford v. Sanford,* 355 Ark. 274, 127 S.W.3d 486 (2003) (a trial court's conclusion on a question of law is given no deference on appeal); *Murphy v. City of West Memphis,* 352 Ark. 315, 101 S.W.3d 221 (2003); *City of Lowell v. M & N Mobile Home Park, Inc.,* 323 Ark. 332, 916 S.W.2d 95 (1996).

■ We must affirm the trial court's decision because Brown's wrongful death claim was derivative of her negligence action, and the negligence action was subject to dismissal with prejudice. It is undisputed that Brown's July 8, 2002, complaint contained the same negligence allegations set out in her first suit, which she voluntarily nonsuited. However, Brown never properly served the July 8, 2002, complaint alleging negligence within the extended time for service, which would have been on or before February 3, 2003.[1] Therefore, Rule 4(i) of the Arkansas Rules of Civil Procedure mandates dismissal of the negligence claim, and, because it was a second dismissal, Ark. R. Civ. P. 41(b) dictates that the dismissal operates as an adjudication of the merits, making the dismissal with prejudice.

Because the negligence action was dismissed with prejudice, the dismissal amounted to a final judgment. *See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.,* 353 Ark. 701, 120 S.W.3d 525 (2003) ("Pursuant to Rule 41(b), the second dismissal was an adjudication on the merits"); *Curry v. Hanna,* 228 Ark. 280, 283, 307 S.W.2d 77, 80 (1957) ("The rule appears to be well established that a 'dismissal with prejudice' is equivalent to a final judgment

---

[1] As the complaint was filed on July 8, 2002, the 120 days allowed for serving the complaint under Rule 4(i) would have expired on November 5, 2002. As noted above, on November 5, 2002, Brown obtained an order extending the time for service by ninety days, or until February 3, 2003.

insofar as the application of the doctrine of *res judicata* is concerned"); *Seaboard Finance Co. v. Wright*, 223 Ark. 351, 266 S.W.2d 70 (1954) (a dismissal with prejudice is a "final adjudication on the merits" for purposes of *res judicata*).

■ The negligence alleged in Brown's complaints also formed the underlying cause of the wrongful death action alleged in her May 9, 2003, amended complaint. However, this court has held, as recently as this year, that a wrongful death action is derivative in nature from the original tort, and where the underlying tort action is no longer preserved, the wrongful death action is barred as well. *See Estate of Hull v. Union Pacific R.R.*, 355 Ark. 547, 141 S.W.3d 356 (2004); *see also Simmons First National Bank v. Abbott*, 288 Ark. 304, 705 S.W.2d 3 (1986). In *Estate of Hull*, there was an accident involving a train and a car in March of 1996; Sharon Hull's guardian entered into a settlement with the railroad. As part of the settlement, the guardian executed a release of all liability and claims related to the accident. Hull died in 1999, and at that time, her estate attempted to seek damages against Union Pacific as a result of her death. The trial court dismissed the estate's wrongful death suit, holding that the 1996 settlement and release barred any future suit. This court agreed, noting that a "suit by an injured party, *reduced to final judgment*, extinguishes any wrongful death claim against identical defendants based on identical allegations of fault." *Estate of Hull*, 355 Ark. at 358 (emphasis added). The court held that, since the wrongful death action was derivative in nature from the original tort, and since the original right of the decedent was settled and therefore no longer preserved, Union Pacific had an absolute defense in its prior settlement with the decedent. *Id.* at 360. Likewise, in *Simmons*, the court held that a settlement by an injured party or a suit reduced to judgment during the lifetime of the injured party bars a subsequent wrongful death suit by the next of kin or other beneficiaries because of *res judicata*. *Simmons*, 288 Ark. at 307.

This result is obtained because our wrongful death statute, Ark. Code Ann. § 16-62-102 (1987 & Supp. 2003), provides that a cause of action arises when a person's death is "caused by a wrongful act, neglect, or default and the act, neglect, or default is such as would have entitled the party injured to maintain an action and recover damages in respect thereof *if death had not ensued*[.]" (Emphasis added.) Other jurisdictions with similar wrongful death statutes have reached the same result. *See, e.g., Xu v. Gay*, 257

Mich. App. 263, 668 N.W.2d 166 (2003); *Kessinger v. Grefco, Inc.*, 251 Ill. App. 3d 980, 623 N.E.2d 946 (1993); *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343 (Tex. 1992). The supreme court of Texas explained the rationale for this rule as follows:

> We have consistently held that the right of statutory beneficiaries to maintain a wrongful death action is *entirely derivative of the decedent's right to have sued for his own injuries immediately prior to his death*, and *is subject to the same defenses to which the decedent's action would have been subject. In short, wrongful death action plaintiffs stand in the legal shoes of the decedent.* As we said in *Vassallo v. Nederl-Aerik Stoomy Maats Holland*, 162 Tex. 52, 344 S.W.2d 421 (1961):
>
>> It is our opinion that under the express provisions of the Wrongful Death Act, the plaintiff is permitted to assert any basis for recovery that the decedent could have asserted if he were alive, and no other; and that the defendant can assert any defense to that cause of action that it could have asserted if the decedent had survived, and no other. The statutory beneficiaries of a deceased ... have the same substantive rights to recover as the deceased would have had had his injury been less than death.
>
> Accordingly, we have recognized that *a wrongful death action is not allowed if the decedent could not, immediately prior to his death, have maintained an action*[.]

*Russell*, 841 S.W.2d at 347 (emphasis added).

In the present case, as discussed above, Thomas's negligence action concluded in a dismissal with prejudice. That action having been dismissed with prejudice, Thomas could not have brought another negligence lawsuit stemming from the same acts in the event that he had survived. Therefore, we affirm the trial court's decision that Brown is barred from bringing the instant wrongful death action, and the trial court was correct to dismiss the case.[2]

CORBIN and HANNAH, JJ., concur.

---

[2] For clarity's sake, we point out that we are *not* holding that Brown's wrongful death action is barred by the statute of limitations. Had there not been a dismissal with prejudice of the underlying negligence action, and had Brown simply waited to file the wrongful death complaint after obtaining the declaration of death from the probate court, her action would have been timely, as a wrongful death action does not arise until the date of the death. *See Nelson v. Schubert*, 98 Wash.App. 754, 994 P.2d 255 (2000) (wrongful death action not barred

Jim Hannah, Judge, concurring. I agree that this case must be affirmed, but I write separately because I believe that this court has erred in the past by holding that a wrongful death action is derivative of the decedent's action for the injuries causing death. However, this case does not provide the appropriate opportunity to overrule the prior cases. This case presents a tragic set of facts; however, this case under our present case law, also presents a failure to preserve a cause of action for injuries suffered by Ed Thomas.

Under current law, any cause of action for injuries suffered by Thomas was extinguished by Brown's failure to timely serve the July 8, 2002, complaint. Because this court long ago erroneously held that a wrongful death action is derivative of an action for injuries suffered by the decedent, the cause of action for wrongful death seeking compensation for injuries suffered by Thomas's next of kin was extinguished along with the cause of action for injuries suffered by Thomas. *Matthews v. Travelers Indem. Ins. Co.*, 245 Ark. 247, 432 S.W.2d 485 (1968). *See also Estate of Hull v. Union Pacific R.R. Co.*, 355 Ark. 547, 141 S.W.3d 356 (2004); *Simmons First Nat'l Bank v. Abbott*, 288 Ark. 304, 705 S.W.2d 3 (1986). The parties in the present case have not challenged the holding of *Matthews*. The holding of *Matthews* was not challenged in *Simmons* or *Estate of Hull*, and in both those cases, this court followed *Matthews* pursuant to the doctrine of *stare decisis*.

In the case before us, Brown argues that the two complaints filed previous to the "Amended Complaint" now at issue did not assert that Pine Bluff Nursing Home caused Thomas's death. She also argues that neither of the two complaints prior to the "Amended Complaint" asserted "wrongful death or survivor actions." The first complaint was non-suited and is not included in the record before this court. The July 8, 2002, complaint alleges a cause of action by Thomas's guardian seeking compensatory and punitive damages for "physical pain and suffering, humiliation, fright and outrage." Thus, Brown asserts that in her first two complaints, she was suing as Thomas's guardian for injuries suffered in his disappearance. The July 8, 2002, complaint was

---

by the three-year statute of limitations on the underlying negligence claim, because the limitations period did not begin to run until a missing person's death could be established by statutory presumption); *Howell v. Murphy*, 844 S.W.2d 42 (Mo. Ct.App. 1992) (plaintiff could not have asserted a wrongful death action until after time had elapsed under presumption-of-death statute).

dismissed with prejudice for failure to timely serve under Ark. R. Civ. P. 4(i). That dismissal is not appealed.

If Thomas was alive on July 8, 2002, when the second complaint was filed, his guardian could have proceeded to assert an action on his behalf for his injuries. Ark. Code Ann. § 28-65-305 (Repl. 1987). If he was dead, the guardian could bring no such action. However, Ark. Code Ann. § 16-62-101 (Supp. 2001) provides that for wrongs done to a person before death, a suit may be brought after the person's death for the benefit of his or her estate. Under Ark. Code Ann. § 16-62-102 (Supp. 2001), a wrongful death action may be brought to allow the spouse and next of kin to recover for injuries they suffered as a consequence of a wrongful death.

Thus, while the survival statute provides for compensation to the estate for injuries to the decedent, the wrongful death statute compensates the spouse and next of kin for injuries they suffered as a consequence of the decedent's death. That makes it clear that a wrongful death action is not derivative of any cause of action possessed in life by the decedent, or derivative of any cause of action of the decedent that survives death under Ark. Code Ann. § 16-62-101. However, this court in *Matthews* stated:

> We are not overlooking the argument that the administrator's action for wrongful death is to some extent derivative, in that it may be extinguished either by a suit for personal injuries prosecuted by the injured person to a final judgment during his lifetime, Restatement, Judgments, § 92 (1942), or by the running of the applicable statute of limitation during the injured person's lifetime. *Hicks v. Missouri Pac. R.R.*, 181 F. Supp. 648 (W.D. Ark. 1960), app. dism. 285 F.2d 427 (1960).

*Matthews,* 245 Ark. at 250. This court relied on *Matthews* in *Simmons.* This court in *Estate of Hull* then necessarily followed the existing precedent. When properly presented to this court, we should reject the above quoted statement in *Matthews* and correct the law.

A wrongful death action allows a spouse and next of kin to recover damages they personally suffered as a consequence of a tortious injury causing the death of a family member. The injury at issue in a wrongful death action is the injury suffered by the spouse and next of kin, not the injuries suffered by the decedent. A survival action compensates the estate for injuries to the decedent. Thus, while a wrongful death action is obviously dependent upon,

or even arguably derivative of a tortious injury suffered by the decedent, it is not derivative of a pending lawsuit or a viable cause of action for injuries suffered by the decedent. In *Matthews*, this court mistakenly stated that an action for personal injuries prosecuted by the injured person to a final judgment during his or her lifetime extinguishes any right to bring a wrongful death action. As Ark. Code Ann. § 16-62-102 clearly indicates, an action for wrongful death is dependent upon a wrongful act causing the death of the decedent. The conclusion that a wrongful death action is derivative of a pending lawsuit or viable cause of action for injuries suffered by the decedent is simply a misstatement of the law and an error. Regrettably, this court has no choice but to affirm this case; however, we should revisit the law on wrongful death at the first opportunity.

CORBIN, J., joins.