Jaynnie MEADOWS *v.* NANCY E. PRYOR, INC.

CA 04-908                                    205 S.W.3d 199

Court of Appeals of Arkansas
Opinion delivered March 16, 2005

*Jenkins Law Firm, PLLC,* by: *N. Donald Jenkins, Jr.,* and *Kevin R. Holmes,* for appellant.

*Warner, Smith & Harris,* by: *G. Alan Wooten* and *Kathryn A. Stocks,* for appellee.

SAM BIRD, Judge. Appellant Jaynnie Meadows appeals from an order of the trial court entered on June 3, 2004, which dismissed her lawsuit against appellee Nancy E. Pryor, Inc., for tortious conduct and various other civil causes of action. Among other things, Jaynnie's complaint sought damages and a permanent injunction against the enforcement of a default judgment that was entered against her in connection with an action by Pryor to recover unpaid legal fees. Because Jaynnie failed to follow the procedure set forth in Ark. R. Civ. P. 55 (2004) to set aside the default judgment, we affirm.

The events giving rise to this appeal are as follows. In January 2003, Jaynnie's estranged husband, Kevin Meadows, hired counsel to assist him in a child-custody matter involving his children from a previous marriage. Jaynnie apparently was not a party to the custody matter. Nevertheless, one of the attorneys handling the matter, Nancy Pryor, filed suit against Kevin and Jaynnie Meadows on September 26, 2003, seeking judgment for unpaid legal fees. Pryor subsequently filed a motion for default judgment, and on December 30, 2003, the court entered a default judgment against Kevin and Jaynnie Meadows for $6,016.89. Pryor later obtained a writ of garnishment against Jaynnie's wages and filed a *lis pendens* against a residence owned in part by Jaynnie.

On February 23, 2004, Jaynnie initiated a new action against Pryor by filing a complaint alleging various causes of action, including violation of the Fair Debt Collection Practices Act, invasion of privacy, defamation, abuse of process, outrage, violation of the Arkansas Unfair Trade Practices Act, fraud or deceit, and slander of title. The complaint sought damages and a permanent injunction against the enforcement of the default judgment against Jaynnie. Pryor filed a motion to dismiss Jaynnie's action against her, and on June 3, 2004, the Circuit Court of Crawford County dismissed the action on the grounds that "the proper way to attack a default judgment is pursuant to Rule 55 [of the Arkansas Rules of Civil Procedure] and not by a separate action as Plaintiff has attempted to do in this case."

On appeal, Jaynnie contends that the trial court erred in finding that a separate action cannot be pursued to attack a default judgment when the underlying default judgment was obtained by fraud. Specifically, she argues that Rule 60(k) of the Arkansas Rules of Civil Procedure allows for an independent action to attack the default judgment in this case. We find that Jaynnie relies incorrectly on Rule 60 as authority for filing a new lawsuit to

attack a default judgment, and we agree with the trial court that the proper way to challenge a default judgment is under Rule 55.

When reviewing a question of law, the appropriate standard of review is de novo. *See Brown v. Pine Bluff Nursing Home,* 359 Ark. 471, 199 S.W.3d 45 (2004). Rule 55(c) of the Arkansas Rules of Civil Procedure clearly provides the procedure for setting aside a default judgment, as follows:

> The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

The commentary to Rule 55(c) specifically states that:

> It should also be noted that Rule 55(c) is the *exclusive* basis for setting aside a default judgment. As amended in 1990, Rule 60 does not apply to default judgments.

Ark. R. Civ. P. 55, Addition to Reporter's Note, 1990 Amendment. (Emphasis added.) Here, Jaynnie ignores the clear language of Rule 55 and our case law, which has specifically recognized that Rule 60 does not apply to default judgments. *See, e.g, Epting v. Precision Paint & Glass, Inc.,* 353 Ark. 84, 110 S.W.3d 747 (2003). We must therefore affirm.

Affirmed.

GLOVER and ROAF, JJ., agree.